UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| SOUTHERN STATES OFFSHORE, INC. | * | CIVIL ACTION NO. _____ |
| | * | |
| VERSUS | * | JUDGE _____ |
| | * | |
| BNA MARINE SERVICES, LLC | * | MAGISTRATE _____ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

The Complaint of SOUTHERN STATES OFFSHORE, INC. ("plaintiff"), with respect, represents:

1.

Plaintiff is a foreign corporation existing under the laws of the State of Texas and having its principle place of business in Houston, Texas and is authorized to do business in the State of Louisiana.

2.

At all times pertinent hereto, defendant, BNA MARINE SERVICES, LLC, was a limited liability company existing under the laws of the State of Louisiana, and upon information and belief, was domiciled in Amelia, Louisiana.

3.

Jurisdiction in this Honorable Court is proper pursuant to 28 U.S.C.A. §§ 1331 & 1333. This matter arises out of the General Maritime Law of the United States. Additionally, complete diversity exists and the amount in controversy is greater than $75,000. Plaintiff asserts its claim(s) within the admiralty jurisdiction of this Honorable Court in accordance with Federal Rule of Civil Procedure 9(h).

4.

Venue is proper in this Honorable Court pursuant to 28 U.S.C.A. § 1391(b)(1) & (2) as defendant is domiciled in the Parish of St. Mary and the events giving rise to the instant litigation occurred in or around Lake Charles, Louisiana.

5.

Plaintiff was at all relevant times the owner, owner *pro hac vice*, and/or operator of the M/V SOUTHERN QUEST.

6.

On or about October 23, 2014, the M/V SOUTHERN QUEST (the "QUEST") was dry docked at Leevac Shipyard in Lake Charles, Louisiana for its required USCG and ABS inspection and recertification. The QUEST remained dry docked through November 20, 2014.

7.

During this time, defendant was contracted to perform certain vessel repair and/or maintenance work on the QUEST; specifically, defendant was to replace the existing SMI bow thruster on the QUEST with a Thrustmaster bow thruster supplied by plaintiff.

8.

On November 3, 2014, defendant's representative, Rick Hartenstein, directed Leevac personnel in the removal of the SMI thruster and he, thereafter, began modifications to the coupling flange. On November 5, 2014, defendant completed the installation of the replacement Thrustmaster bow thruster on the QUEST, but when the QUEST completed the

required dry docking on November 13, 2014 and was placed back into the water, the flange began leaking at the coupling. Defendant's representative, Ray Raymond, attempted to stop the leaking by re-torquing the bolts but was unsuccessful. As a result, the QUEST had to be taken back up into full dry dock and could not be placed back into service.

9.

It was found that the leak was caused by faulty workmanship and/or negligent repair and/or maintenance work by defendant's representative(s).

10.

Defendant's representative, Andy Kovac, oversaw the re-fitting of the tube flange and attempted to repair the cause of the leak, but was unsuccessful. Due to further faulty workmanship and/or negligent repair, another leak was created and was discovered when the QUEST was lowered back into the water a second time on November 15, 2014. The lowering of the vessel was once again halted, it was again dry docked, and the bow thruster was removed to facilitate repairs to the leak.

11.

Defendant's representative, Jason Landry, replaced Andy Kovac on November 18, 2014 and took over the repairs. Again due to defendant's faulty workmanship and/or negligent repair and/or maintenance, the replacement Thrustmaster bow thruster housing cracked and was rendered unusable. As a result, the original SMI bow thruster that was removed had to be placed back onto the QUEST. After the SMI thruster was re-installed, the vessel was finally placed back into the water and returned to service on November 20, 2014.

The job for which defendant was originally hired – replacement of the SMI bow thruster with the Thrustmaster bow thruster – was never successfully completed.

12.

On March 9, 2015, the QUEST was placed into service, but began experiencing problems with the bow thruster. It was discovered that it was not giving thrust in either direction. The QUEST was released by the customer due to the loss of the bow thruster and consequent inability of the vessel to function as a D.P. vessel.

13.

The QUEST had to be dry-docked yet again at Bollinger Shipyard in Amelia, Louisiana on March 10, 2015 for repair. Because defendant was unwilling to perform the repair, plaintiff had to hire another contractor to do so.

14.

It was discovered that the bow thruster's propeller had come off the shaft and the bolts, keyway and seal were missing. The failure was due to improper securing of the bolts. The improperly secured bolts were due to defendant's faulty workmanship and/or negligent repair and/or maintenance.

15.

Once repairs were made, the QUEST was placed back into the water on March 12, 2015, the bow thruster was tested and the QUEST was deemed operational.

16.

Pursuant to maritime law, defendant owed an implied warranty of workmanlike service to plaintiff, *ex contractu*, to perform the contracted-for repair, maintenance and/or service work with

reasonable diligence, skill and care adequate to complete the job. Defendant breached this duty by failing to install the Thrustmaster bow thruster on the QUEST such that the QUEST could be returned to service and, ultimately, by damaging and rendering the Thrustmaster bow thruster unusable. Defendant further breached its duty by improperly securing the SMI bow thruster resulting in its failure again on March 9, 2015.

17.

Additionally, defendant had a duty, *ex delicto*, to perform the contracted-for repair, maintenance and/or service work free of negligence, which duty was also breached by the actions described above.

18.

Finally, and in the alternative, plaintiff asserts that the damages alleged are of the type that would not ordinarily have occurred had the proper care been exercised by defendant; therefore, defendant is liable to plaintiff under the doctrine of *res ipsa loquitur*.

19.

The damages to the QUEST and/or its appurtenances were a direct and proximate result of the faulty workmanship and/or negligence of defendant.

20.

As a result of defendant's negligence, breach of warranty, and/or fault of any kind, plaintiff has incurred and is entitled to recover damages, including but not limited to the following:

1) Diminution in market value of the M/V SOUTHERN QUEST;

2) Costs of necessary repairs to the M/V SOUTHERN QUEST;

3) Costs of replacement of the Thrustmaster bow thruster and installation of same;

4) Demurrage, loss of use and profits, plus interest, during the periods the M/V SOUTHERN QUEST could not be placed back into service;

4) Lost charter hire;

5) Customer penalties as well as any and all other liabilities to third parties arising out of this incident;

6) Reasonable expenses of removal and/or salvage of the M/V SOUTHERN QUEST, including dry-docking costs;

7) Expenses of crew wages, fuel, stores and provisions during repairs;

8) Surveyor's fees and reclassification expenses;

9) Overhead expenses; and

10) Any and all other damages, economic, consequential or otherwise, to which the law entitles plaintiff.

**WHEREFORE**, SOUTHERN STATES OFFSHORE, INC. prays for judgment in its favor, over and against defendant, BNA MARINE SERVICES, LLC, in the full and true sum in amounts reasonable in the premises to be proven at the trial of this matter, plus costs of these proceedings and legal interest from the date of the incident, penalties and attorney's fees if applicable, and all other equitable and just relief.

Respectfully submitted,

MAHTOOK & LAFLEUR
(A Limited Liability Company)

_____
WARD F. LAFLEUR - I.D. NO. 01770
MARC J. MANDICH - I.D. NO. 35402
600 Jefferson Street, Suite 1000
Post Office Box 3089
Lafayette, Louisiana 70502
Telephone:     (337) 266-2189
Facsimile:      (337) 266-2307

**COUNSEL FOR PLAINTIFF,
SOUTHERN STATES OFFSHORE, INC.**