UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| SOUTHERN STATES OFFSHORE, INC. | CIVIL ACTION NO.: 6:15-cv-1720-RTH-PJH |
| versus | JUDGE RICHARD T. HAIK, SR. |
| BNA MARINE SERVICES, LLC | MAGISTRATE JUDGE PATRICK J. HANNA |

**ANSWER TO COMPLAINT FOR DAMAGES, COUNTERCLAIM AGAINST SOUTHERN STATES OFFSHORE, INC., AND THIRD-PARTY DEMAND**

**NOW INTO COURT**, through undersigned counsel, comes Defendant BNA Marine Services, L.L.C. ("BNA" or "Defendant"), which answers Plaintiff Southern States Offshore, Inc.'s ("Southern States" or "Plaintiff") Complaint for Damages, asserts a Counterclaim against Southern States, and avers as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a valid cause of action against Defendant upon which relief can be granted.

**ANSWER**

**AND NOW**, Defendant, denying all liability or fault, responds to the specific allegations in Plaintiff's Complaint for Damages as follows:

1.

The allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

{N3090489.1}

2.

The allegations contained in Paragraph 2 of Plaintiff's Complaint for Damages are admitted.

3.

The allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages are legal conclusions for which no response is required; however, out of an abundance of caution, the allegations contained in Paragraph 3 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

4.

The allegations contained in Paragraph 4 of Plaintiff's Complaint for Damages are legal conclusions for which no response is required; however, out of an abundance of caution, the allegations contained in Paragraph 4 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

5.

The allegations contained in Paragraph 5 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 of Plaintiff's Complaint for Damages are admitted.

8.

The allegations contained in Paragraph 8 of Plaintiff's Complaint for Damages are denied.

9.

The allegations contained in Paragraph 9 of Plaintiff's Complaint for Damages are denied.

10.

The allegations contained in Paragraph 10 of Plaintiff's Complaint for Damages are denied.

11.

The allegations contained in Paragraph 11 of Plaintiff's Complaint for Damages are denied.

12.

The allegations contained in Paragraph 12 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages are admitted insofar as the M/V SOUTHERN QUEST was dry docked at the Bollinger Shipyard in Amelia, Louisiana. The remaining allegations contained in Paragraph 13 of Plaintiff's Complaint for Damages are denied.

14.

The allegations contained in Paragraph 14 of Plaintiff's Complaint for Damages are denied.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint for Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of Plaintiff's Complaint for Damages are denied.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint for Damages are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint for Damages are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint for Damages are denied.

20.

The allegations contained in Paragraph 20, including all subparts, of Plaintiff's Complaint for Damages are denied.

## SECOND DEFENSE

Defendant specifically denies that it, or anyone for whom it may be responsible, are guilty of any negligence, want of due care, or other legal fault.

### THIRD DEFENSE

Defendant avers that any damages sustained by Plaintiff were caused by others over whom Defendant is neither responsible nor liable.

### FOURTH DEFENSE

Defendant avers that any damages sustained by Plaintiff were unrelated to any alleged negligence, inattention to duty, negligent operation, breach of warranty both implied and expressed, breach of statutory duties, rules and regulations, or other violations of law or contract on the part of Defendant.

### FIFTH DEFENSE

Plaintiff has an obligation to mitigate its damages and has failed to do so.

### SIXTH DEFENSE

In the event that it is discovered that Plaintiff has received compensation and/or benefits from another source, Defendant pleads setoff.

### SEVENTH DEFENSE

Pursuant to Defendant's Standard Terms and Conditions for Parts and Services, which were signed by a representative for the Plaintiff, Defendant BNA Marine Services, L.L.C. warranted that its products were free of defects in material and workmanship for a period of three months after the date of installation. As damages alleged by Plaintiff occurred on March 9, 2015, the claim and alleged damages are outside of the 90-day warranty period, and thus, the claim by the Plaintiff related to March 9, 2015 fails as a matter of law.

### EIGHTH DEFENSE

Defendant specifically avers that the doctrine of *res ipsa loquitur* is inapplicable as an inference that the damages were caused by an entity over whom Defendant is neither responsible

nor liable could be drawn as reasonably as one that it was due to the alleged negligence of the Defendant.

### NINTH DEFENSE

Defendant specifically avers that the doctrine of *res ipsa loquitur* is inapplicable as there is sufficient direct evidence explaining the occurrence and establishing the details of the legal fault that resulted in the damages claimed by the Plaintiff.

### TENTH DEFENSE

Defendant reserves all rights to plead additional affirmative defenses as this matter progresses.

**WHEREFORE**, Defendant BNA Marine Services, L.L.C., prays that its answer be deemed good and sufficient, and that after due proceedings are had, that there be judgment herein in favor of Defendant BNA Marine Services, L.L.C., and against Plaintiff Southern States Offshore, Inc., dismissing its claims with prejudice at its sole cost, and for all general and equitable relief to which Defendant BNA Marine Services, L.L.C., may be entitled.

### COUNTERCLAIM

**AND NOW COMES** Counterclaim-Plaintiff BNA Marine Services, L.L.C., who brings the following counterclaim for amounts owed on an open account by Counterclaim-Defendant Southern States Offshore, Inc.

1.

This Court has jurisdiction over the counterclaim pursuant to 28 U.S.C. § 1332.

2.

Made Counterclaim Plaintiff is BNA Marine Services, L.L.C. ("BNA" or "Counterclaim Plaintiff"), which is a Louisiana limited liability company with all of its members domiciled in Louisiana.

3.

Made Counterclaim Defendant is Southern States Offshore, Inc. ("Southern States" or "Counterclaim Defendant"), which is a foreign corporation existing under the laws of the State of Texas, having its principle place of business in Houston, Texas, and authorized to do business in the State of Louisiana.

4.

At or around November 2014, Southern States contracted with BNA for work needed on the M/V SOUTHERN QUEST, which was dry docked at LEEVAC Shipyard. Specifically, Southern States enlisted the services of BNA to remove the SMI bow thruster located on the M/V SOUTHERN QUEST, and replace it with a Thrustmaster bow thruster that was provided by the Counterclaim-Defendant Southern States.

5.

On November 2, 2014, representatives from BNA travelled from Morgan City to Lake Charles to begin performing work.

6.

From November 3, 2014 through November 7, 2014, BNA performed the work contracted for by Southern States, including all work necessary to remove the SMI bow thruster and replace it with the Thrustmaster bow thruster provided by the Counterclaim Defendant.

7.

Thereafter, from November 13, 2014 through November 19, 2014, due to problems resulting from no fault on the part of Counterclaim Plaintiff, BNA performed additional services and work at the behest of Southern States, including removing the previously-installed Thrustmaster bow thruster due to the bad welding of a third party and, eventually, re-installing the SMI bow thruster.

8.

As a result of the services rendered and work performed, Southern States is indebted to BNA in an amount in excess of $75,000.

9.

To date, Southern States has failed to pay any of the amounts owed for the work performed and services rendered.

10.

Accordingly, Southern States is liable to BNA for all amounts owed for the work performed and services rendered, including interest accruing at 18% per annum on all overdue accounts in accordance with BNA's Standard Terms and Conditions for Parts and Services, which was signed by a representative for Southern States.

**WHEREFORE,** based on the foregoing, Counterclaim-Plaintiff BNA Marine Services, L.L.C., prays for judgment as follows:

A. That Southern States Offshore, Inc., be cast in judgment for all amounts due and owing to BNA Marine Services, L.L.C., for services rendered and work performed by BNA Marine Services, L.L.C. on November 3, 2014 through November 7, 2014 and November 13, 2014 through November 19, 2014, including interest accruing at 18% per annum and any other

fees owed pursuant to BNA's Standard Terms and Conditions for Parts and Services, through the date of the judgment, with per diem amounts calculated thereafter.

B.      For any and all relief to which it is entitled under law and equity.

## THIRD-PARTY DEMAND

**AND NOW COMES** BNA Marine Services, L.L.C., assuming the position of Third-Party Plaintiff, who brings the following Third-Party Demand against Third-Party Defendants LEEVAC Shipyards, LLC and LEEVAC Shipyards Lake Charles, LLC.

1.

This Court has jurisdiction over this third-party claim pursuant to 28 U.S.C. § 1367, as the claim is so related to the claims in the action within this Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

2.

Made Third-Party Plaintiff is BNA Marine Services, L.L.C. ("BNA"), which is a Louisiana limited liability company with all of its members domiciled in Louisiana.

3.

Made Third-Party Defendant is LEEVAC Shipyards, LLC, which is a Louisiana limited liability company, having its principle place of business in Louisiana, and, based on information and belief, domiciled in Louisiana.

4.

Made Third-Party Defendant is LEEVAC Shipyards Lake Charles, LLC, which is a Louisiana limited liability company, having its principle place of business in Louisiana, and, based on information and belief, domiciled in Louisiana.

5.

At or around November 2014, while the M/V SOUTHERN QUEST was dry docked at LEEVAC Shipyards in Lake Charles, Louisiana, employees of LEEVAC Shipyards, LLC, and/or LEEVAC Shipyards Lake Charles, LLC, performed all welding work in the course of BNA removing the SMI bow thruster from the M/V SOUTHERN QUEST and inserting the Thrustmaster bow thruster provided by original Plaintiff, Southern States Offshore, Inc.

6.

Based on information and belief, employees of Third-Party Defendants LEEVAC Shipyards, LLC, and/or LEEVAC Shipyards Lake Charles, LLC, failed to properly perform the welding work, resulting in the warping of the flange used to insert the Thrustmaster bow thruster, the cracking of the welding, and the alleged leaks that form the basis of Southern States Offshore, Inc.'s Complaint for Damages.

7.

Based on information and belief, employees of Third-Party Defendants LEEVAC Shipyards, LLC, and/or LEEVAC Shipyards Lake Charles, LLC, were negligent in the performance of their welding duties, which was the direct and proximate cause of the damages suffered by Southern States Offshore, Inc.

8.

Accordingly, should any award be made against Third-Party Plaintiff BNA Marine Services, L.L.C., in favor of Southern States Offshore, Inc., Third-Party Plaintiff BNA Marine Services, L.L.C. is entitled to recovery of damages from Third-Party Defendants LEEVAC Shipyards, LLC, and/or LEEVAC Shipyards Lake Charles, LLC, as a result of the negligence in

performance of their welding duties, which resulted in the leaks and damages suffered by the plaintiff.

9.

Third-Party Plaintiff BNA Marine Services, L.L.C. is entitled to tort indemnity and contributions from Third Party Defendants LEEVAC Shipyards, LLC and/or LEEVAC Shipyards Lake Charles, LLC, pursuant to Rule 14 of the Federal Rules of Civil Procedure.

10.

Pursuant to Rule 14(c)(2) of the Federal Rules of Civil Procedure, Third-Party Plaintiff BNA Marine Services, L.L.C. tenders Third Party Defendants LEEVAC Shipyards, LLC and/or LEEVAC Shipyards Lake Charles, LLC to Plaintiff, Southern States Offshore, Inc.

**WHEREFORE,** based on the foregoing, Third-Party Plaintiff BNA Marine Services, L.L.C., prays for judgment as follows:

A.  That, if BNA Marine Services, L.L.C. is cast in judgment in favor of Southern States Offshore, Inc., Third-Party Defendants LEEVAC Shipyards, LLC, and/or LEEVAC Shipyards Lake Charles, LLC be cast in judgment, in favor of BNA Marine Services, L.L.C., for all damages resulting from the negligence of their employees in performance of their welding duties.

B.  For tort contribution and indemnity from Third Party Defendants, LEEVAC Shipyards, LLC and/or LEEVAC Shipyards Lake Charles, LLC pursuant to Federal Rules of Civil Procedure 14.

C.  For any and all relief to which it is entitled under law and equity.

Respectfully submitted,

*/s/ C. Barrett Rice*
C. BARRETT RICE (#30034), T.A.
GARY J. RUSSO (#10828)
JUSTIN J. MAROCCO (#35226)
Jones Walker LLP
600 Jefferson Street, Suite 1600
Lafayette, LA  70502
Telephone: (318) 593-7600
Telecopier: (318) 593-7601
brice@joneswalker.com
grusso@joneswalker.com
jmarocco@joneswalker.com

**Attorneys for Defendant,**
  **BNA Marine Services, L.L.C.**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by filing the same in this Court's CM/ECF system and that Summons be issued to Third-Party Defendants, LEEVAC Shipyards, LLC and LEEVAC Shipyards Lake Charles, LLC., on this 2nd day of September, 2015.

*/s/ C. Barrett Rice*